[No. 5281.]
[No. 2913 C. A.]

THE GOLDEN AGE NUMBER TWO MINING AND MILLING COMPANY v. LANGRIDGE.

1. Pleading — Demurrer to Complaint Overruled — Answering Over—Objections Waived.

Where a demurrer to the complaint has been overruled, defendant, by answering and going to trial, waives his objections to the form of the complaint.—P. 159.

2. **Corporations—Contracts—Agents—Authority—Evidence.**

In an action against a corporation for services rendered on a contract, it was admitted that the plaintiff was employed by the board of directors acting through the general manager, and the material question was, whether the manager had made a contract different from the one authorized by the board, and whether he rightfully exercised his authority. Held, that a letter written by a director and treasurer of the company, who was present at the meeting at which action was taken, in answer to one written by the plaintiff concerning the company's action, to the effect that the directors at such meeting had left the matter of his employment with the general manager, the minutes being silent as to such employment, is admissible in evidence as tending to show agency.—P. 160.

3. **Same—Validity—Estoppel.**

In an action against a corporation on a contract for services made with the general manager, the plaintiff had entered upon his duties and had performed them until discharged. The authority of the manager to employ plaintiff was admitted, but it was claimed that he exceeded his authority in the extent of the employment. Through oversight no record of the order of employment was copied in the minutes. The company introduced a certain by-law to the effect that no contract involving over $500 should be entered into except by resolution of the board of directors. Held, that, such employment being within the general limits of the power given and there being no circumstances in connection with the employment to put plaintiff upon inquiry, the company cannot call to its aid a violation of the by-laws by its directors to defeat the recovery of the plaintiff.—P. 162.

4. **Appellate Practice — Judgment — Conflicting Evidence — Not Disturbed on Appeal.**

When the evidence is conflicting and there is sufficient evidence to support the judgment, it will not be disturbed on appeal. —P. 163.

5. **Appellate Practice—Abstract—Matters Before the Court.**

Where the matters sought to be reviewed are omitted from the abstract, they are not properly before the court, and will not be passed upon.—P. 163.

*Error to the District Court of Boulder County.*
*Hon. James E. Garrigues, Judge.*

Action by B. A. Langridge against The Golden Age Number Two Mining and Milling Company.

From a judgment in favor of plaintiff, defendant
brings error.                                    *Affirmed.*

. Mr. WILLIAM KNAPP, for plaintiff in error.

Messrs. DOWNER & HAWKINS, for defendant in
error.

Mr. JUSTICE CASWELL delivered the opinion of
the court:

The defendant in error (plaintiff below) insti-
tuted this action against plaintiff in error (defend-
ant below) to recover the sum of six hundred and
twenty-five dollars ($625.00), on account of contract
for services as mining engineer, and damages for
breach of the same.

A demurrer to the complaint was overruled.
The answer of the defendant below was a general
denial of the material allegations of the complaint.
By answering and going to trial, defendant waived
his objections to the form of the complaint.

For convenience, the plaintiff in error will be
alluded to as the company, and the defendant in error
as the plaintiff.

A judgment was rendered for the plaintiff at
the trial, and the company sues out this writ of error.

It is not disputed that the employment of the
plaintiff, as such engineer, was by the board of di-
rectors of the company, sitting as such, and acting
through the general manager of the company, Mr.
J. S. Krum. The material question presented by the
record is, whether Mr. Krum, the general manager
of the company, and acting as such authorized agent,
made a contract with the plaintiff different from the
one authorized by the board of directors, and whether
he rightfully exercised his authority. The plaintiff
contended that his contract, as made with the com-
pany, was from January 1, 1902, to September 20,

1902, at one hundred and twenty-five dollars ($125.-00) per month, and that the contract was entire, and that he was wrongfully discharged April 20, 1902. The company contended that the contract of employment was from January 1, 1902, at one hundred and twenty-five dollars ($125.00) per month, from month to month, and that, when the mine should be shut down, the salary was to cease.

The principal assignments of error are, that the findings and decision of the trial court are not based upon competent and sufficient evidence; that the judgment is contrary to the law; that the court erred in admitting the testimony of the plaintiff and of the witness, J. S. Krum, as well as admitting a certain letter from Dr. Tanner, a director and treasurer of the company, and principally upon the ground that the evidence was secondary. The case was tried by the court without a jury.

There are no allegations in the pleadings that the contract was in writing, or that the agency of Mr. Krum was created by an order upon the corporate books of the company, and no effort was made to prove the fact of agency by such an order upon the corporate books; as a matter of fact, the corporate books of the company contained no written minutes of the contract with the plaintiff. The letter of Dr. Tanner, in answer to a letter from the plaintiff concerning the action of the company, was to the effect that the board of directors, at its meeting, had left the matter of his employment with Mr. Krum, and to arrange for the payment of one hundred and twenty-five dollars ($125.00) per month, beginning with January, 1902, rather than at an earlier date. This letter, in and of itself, would not bind the company, but, being from a director and officer of the company, present at the meeting at which action was taken concerning this employment,

was evidence to show that the board had authorized Mr. Krum to act in the matter, and tended to show agency, and was competent evidence. Mr. Krum was the general manager and a director of the company, and was present at the meeting of directors at the time the employment of the plaintiff was discussed and authorized. He testified positively that he was authorized to employ, and did employ, the plaintiff from January 1, 1902, until the following September, being until the next meeting of the stockholders; that no employment from month to month until the mine should be shut down was discussed or considered, but that, on the contrary, it was believed, at the time of the directors' meeting, that the salaries for the following year could be increased, and that the mine would run successfully. This was strong evidence tending to show the action of the directors of the company in respect to the employment of the plaintiff. The plaintiff entered upon the duties of his office, and was paid semi-monthly by checks of the company, signed and issued by Mr. Krum.

The company introduced, as testimony for the defense, the deposition of its secretary, acting as such at the time of the meeting of the board alluded to, and the deposition of Dr. Tanner, above mentioned. It appears, from the testimony of the secretary, that no record of any instructions given by the board of directors to Mr. Krum was copied into the minutes, although he testified that a motion was made instructing Mr. Krum to employ the defendant in error, from month to month, until the mine should be shut down; that, by an oversight on his part, the minutes of the meeting, written at a later date, do not show that any such motion was carried or voted upon. The record does not set forth any contract of employment. Dr. Tanner, a director,

and present at the meeting, testified the same, substantially, as the secretary. This, also, is secondary evidence, being but a statement of the witnesses as to what happened at the time of the meeting. The defendant company introduced a certain by-law which recited that no contract or agreement involving more than five hundred dollars ($500.00) should be entered into by the company except by resolution of the board of directors. If the question to be determined was, whether Mr. Krum had been appointed an agent at all to employ the plaintiff, such by-law might have been important in its determination; but, as we have seen, the authority of Mr. Krum to act in the matter is admitted. If the by-law can be invoked at all by the company, it must be for the purpose of invalidating such appointment. The company cannot be permitted to call to its aid a violation of such by-law by the directors for such purpose. The by-law requires the contract contended for by defendant company to be by resolution, as well as the contract contended for by the plaintiff. The company is estopped to invoke this by-law to defeat the recovery of the plaintiff under the circumstances of this case. The plaintiff had been employed by an authorized agent, and had entered upon the duties of his office and performed them until discharged. We think the plaintiff had a right to presume that Mr. Krum was acting within his authority and rightfully exercising his authority as agent. His employment was within the general limits of the power given the agent, and there were no circumstances in connection with such employment to put him upon his inquiry as to whether Mr. Krum was rightfully exercising such power.

The court found, as a fact upon the evidence adduced at the trial, that there was a contract of employment from January 1, 1902, to September 20,

1902; that the contract was entire; that the rate was one hundred and twenty-five dollars ($125.00) per month; that the contract was binding upon the company, and that the plaintiff was wrongfully discharged about the 20th of April, 1902.

There was sufficient evidence upon which to base this finding and the judgment, and, under the well-established rule of this court, when the evidence is conflicting, and there is sufficient evidence to support the judgment, it will not be disturbed.

In its reply brief, the company advances some arguments as to the method of making up the judgment and as to the amount. The abstract does not contain the finding of the trial court upon the question of damages, nor any statement of law in respect thereto. It recites that "the balance of the opinion is confined to a statement of the law and the facts upon the question of damages, how the amount of five hundred and seventy-five dollars ($575.00) is made up." This matter is not before the court, and we cannot pass upon it.

The plaintiff in error has cited many authorities in connection with the law of corporations and the power of individual directors to bind the company, likewise upon the question of ratification of corporate contracts. No question of ratification arises in this case. The contract was made in the first instance by the board of directors through an authorized agent, all of which is conceded by the record. We may easily agree that the authorities cited state the law correctly, but we find no disputed questions in this case to which the rules need be applied.

The judgment is affirmed.          *Affirmed.*

Chief Justice Steele and Mr. Justice Maxwell concur.